AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of Oklahoma

**FILED**
NOV 05 2020
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 20-mj-405-JFJ |
| NICOLE DEONN WILLIAMS | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __June 18, 2019__ in the county of __Tulsa__ in the
Northern District of Oklahoma, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 1151, 1153, and 1111 | Felony Murder – First Degree in Indian Country |
| 18 U.S.C. §§ 1151, 1153, and 2111 | Robbery in Indian Country |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

SA David Lam, FBI
*Printed name and title*

Sworn to before me ~~and signed in my presence.~~ by phone.

Date: 11-5-20

_____
*Judge's signature*

City and state: Tulsa, OK

Frank H. McCarthy, United States Magistrate Judge
*Printed name and title*

### AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT
### IN THE NORTHERN DISTRICT OF OKLAHOMA

I, David Lam, being duly sworn under oath, do hereby depose and state:

### INTRODUCTION

1. I am a Special Agent with the Federal Bureau of Investigation, and as such, I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516. I am currently employed with the Federal Bureau of Investigation and have been so employed since August of 2009.

2. As part of my duties as a Special Agent, I investigate criminal violations relating to Indian Country crimes, to include Felony Murder-First Degree within Indian Country, in violation of Title 18, United States Code, Sections 1151, 1153, and 1111(a); and Robbery within Indian Country, in violation of Title 18, United States Code, Sections 1151, 1153, and 2111.

3. The facts and statements in this affidavit are based in part on information provided by other law enforcement officers. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## THE SOURCE OF MY INFORMATION AND GROUNDS FOR MY BELIEFS ARE AS FOLLOWS:

4.  As part of this investigation, I have reviewed police reports prepared by the Tulsa Police Department, as well as witness statements.

5.  According to the Cherokee Nation, at all times relevant to this Complaint, **NICOLE DEONN WILLIAMS**, was, and currently is, a member of the Cherokee Nation.

6.  On or about June 18, 2019, officers from the Tulsa Police Department (TPD) were dispatched to 1519 South 68th East Avenue, Tulsa, Oklahoma, which is within the Northern District of Oklahoma and within Indian Country jurisdiction as that term is defined in Title 18, United States Code, Section 1151.

7.  On or about June 18, 2019, Curtiss Gaines was found deceased in his residence at 1519 South 68th East Avenue, Tulsa, Oklahoma. Initially, responding officers suspected Gaines had died from a self-inflicted gunshot wound because a shotgun was found underneath his body. Detectives later determined Gaines sustained a gunshot wound to his upper torso from a pistol caliber bullet, inconsistent of a shotgun wound.

8.  On or about June 18, 2019, Gaines was visiting with L.S. in Broken Arrow, Oklahoma. During the visit, Gaines told L.S. that **WILLIAMS** was staying with Gaines because "she was hiding from someone." At approximately 3:00 a.m., Gaines received a phone call from a female

believed to be **WILLIAMS** from a telephone number associated with Barton Roy Vann[1]. **WILLIAMS** is Vann's girlfriend. After the call, Gaines told L.S. he had to return home and soon departed.

9.  On or about June 18, 2019, at approximately 3:30 a.m., **WILLIAMS** and Vann were picked up by G.E. and driven to Gaines' residence. G.E. provided a statement to law enforcement where he said in sum and substance that **WILLIAMS** and Vann entered Gaines' residence while G.E. waited in his vehicle. While in the residence, Vann produced a handgun, attempted to rob Gaines of items of value, and ordered him to get on the floor. At some point, Gaines obtained a shotgun and was subsequently shot by Vann. **WILLIAMS** and Vann exited the residence and reentered G.E.'s vehicle. G.E. stated that he was not initially aware of the altercation that occurred with Gaines and believed **WILLIAMS** and Vann were there to purchase narcotics from Gaines as he has given rides to **WILLIAMS** and Vann in the past to do the same. G.E. stated that he learned of the details of what occurred inside the residence after the three of them arrived back to where G.E. originally picked up **WILLIAMS** and Vann. G.E. stated that when they returned, Vann provided the details about what occurred that night when they (**WILLIAMS** and Vann) went inside the house to rob Gaines.

10. On or about June 19, 2019, Detectives from TPD interviewed J.F., identified as one of Gaines' friend. J.F. stated Gaines was known to use methamphetamines.

---

[1] Barton Roy Vann is currently charged by the State of Oklahoma for Murder-First Degree in violation of 21 O.S. 701.7 and Robbery with a Firearm in violation of 21 O.S. 801 for the circumstances alleged in this affidavit. A jury trial is scheduled for January 2021.

11. On or about June 19, 2019, Detectives from Tulsa PD interviewed S.T., who is in a relationship with S.S. and knows of Gaines through S.S. S.T. stated Gaines was known to sell drugs and carry a pistol.

## RELEVANT STATUTES

12. 18 U.S.C. § 1151 provides:
Except as otherwise provided in sections 1154 and 1156 of this title, the term "Indian country" as used in this chapter, means (a) all land within the limits of any Indian reservation under the jurisdiction of the United States Government, notwithstanding the issuance of any patent, and including rights-of-way running through the reservation (b) all dependent Indian communities within the borders of the United States whether within the original or subsequently acquired territory thereof, and whether or without the limits of the state and (c) all Indian allotments the Indian titles to which have not been extinguished, including the rights-of-way running through the same.

13. 18 U.S.C. § 1153(a) provides:
Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, kidnapping, maiming, a felony under chapter 109A, incest, a felony assault under section 113, an assault against an individual who has not attained the age of 16 years, felony child abuse or neglect, arson, burglary, robbery, and a felony under section 661 of this title within the Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

14. 18 U.S.C. § 1111(a) provides:
Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery; or perpetrated as part of a pattern or practice of assault or torture against a child or children; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree. Any other murder is murder in the second degree.

15. 18 U.S.C. § 2111

    Whoever, within the special maritime and territorial jurisdiction of the United States, by force and violence, or by intimidation, takes or attempts to take from the person or presence of another anything of value, shall be imprisoned not more than fifteen years.

## CONCLUSION

16. Based on the information set forth in this affidavit, I submit there is probable cause to believe that **NICOLE DEONN WILLIAMS** committed Felony Murder-First Degree within Indian Country, in violation of Title 18, United States Code, Sections 1151, 1153, and 1111(a); and Robbery within Indian Country, in violation of Title 18, United States Code, Sections 1151, 1153, and 2111.

_____
David Lam, Supervisory Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on the 5th day of November 2020.

by phone

_____
Frank H. McCarthy  Jodi Jayne
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF OKLAHOMA